UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FOXMIND CANADA ENTERPRISES LTD.,

           Plaintiff,

        v.

YOYO LIP GLOSS, INC.,

           Defendant.

**MEMORANDUM & ORDER**
22-CV-05349 (HG)

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiff commenced this case by asserting claims against Defendant for: (i) trademark infringement in violation of 15 U.S.C. § 1114, and (ii) unfair competition in violation of both 15 U.S.C. § 1125(a) and New York common law. ECF No. 1 ¶¶ 37–63. Plaintiff previously moved for an extension of the parties' discovery deadlines, in large part because Plaintiff had served interrogatories and document requests on Defendant, to which Defendant had failed to respond. ECF No. 24. The Court granted the extension and, in doing so, ordered Plaintiff to file a copy of its discovery requests, along with a letter describing the factual and legal bases for why the Court should compel Defendant to provide the requested discovery. ECF No. 25 at 6. The Court allowed Defendant until March 15, 2023, to file a response "explaining whether and why the Court should not compel Defendant to respond to the requests." *Id.* That deadline has passed without Defendant filing any opposition to Plaintiff's motion to compel or requesting an extension of its time to do so.

    When seeking to compel discovery, "the party seeking the discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition." *6340 NB*

*LLC v. Capital One, N.A.*, No. 20-cv-2500, 2022 WL 4118521, at *2 (E.D.N.Y. Sept. 9, 2022).[1]

That means that the party moving to compel must demonstrate that its requested discovery is, "as stated by Rule 26, proportional to the needs of the case, taking into consideration such aspects as the importance of the issues, the amount in controversy, the parties' resources and access to the information sought, and the importance of the information sought to the asserted claims or defenses." *Id.* However, "[t]he party objecting to a discovery request must describe the burden of responding to the request by submitting affidavits or offering evidence revealing the nature of the burden." *Fritz v. LVNV Funding, LLC*, 587 F. Supp. 3d 1, 4–5 (E.D.N.Y. 2022). Since Defendant has failed to come forward with any information suggesting that Plaintiff's discovery requests are overly burdensome based on the specific circumstances of Defendant's business and recordkeeping methods, the Court has reviewed Plaintiff's requests only to assess whether they are overly burdensome on their face.

The Court has reviewed Plaintiff's interrogatories, *see* ECF No. 28-1 at 7–11, and has concluded, with a few exceptions, that the information requested is both relevant and proportional to the needs of the case. However, Defendant need not respond to Plaintiff's interrogatories 14 and 15, which collectively request that Defendant "[d]escribe" actions that Defendant took in response to a cease and desist letter from Plaintiff's counsel and a notice received from the U.S. Patent and Trademark Office. ECF No. 28-1 at 10. Defendant also need not respond to Plaintiff's interrogatory 16, which asks Defendant to "[d]escribe why Defendant chose to abandon" a trademark application related to that same notice. *Id.* The Court finds that the information sought by these open-ended interrogatories would be "more practically obtained

---

[1] Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

through depositions," rather than by ordering Defendant's attorney to draft a responsive narrative. *See Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 1660684, at *2 (S.D.N.Y. Apr. 28, 2021) (denying motion to compel response to interrogatory).

The Court has given particular attention to Plaintiff's interrogatory 17, which asks Defendant to "[d]escribe the factual basis for Defendant's Affirmative Defense, as set forth in its Answer (i.e., Fair Use)." ECF No. 28-1 at 10. Rule 33(a)(2) states that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Fed. R. Civ. P. 33(a)(2). However, "[t]he key word in Rule 33(a) is 'may,'" and courts therefore need not automatically adjourn a party's obligation to respond to a contention interrogatory until the end of discovery. *See Mercer v. Rovella*, No. 16-cv-329, 2022 WL 1540447, at *5 (D. Conn. May 16, 2022) (requiring immediate response to contention interrogatories about several affirmative defenses and deferring the need to respond to a contention interrogatory about another affirmative defense). Instead, "Rule 33(a)(2) is appropriately invoked where it is clear that the responding party does not possess sufficient facts to formulate a response." *Id.*

The Court does not see any reason why Defendant would need discovery from Plaintiff to explain why Defendant believed its alleged use of Plaintiff's trademarks fell within a fair use exception. To the contrary, this information is likely predominantly, if not exclusively, within Defendant's knowledge and control. Receiving a response, therefore, "would assist [Plaintiff] to clarify [Defendant's] allegations and identify witnesses who may provide information related to th[is] defense[]," so that Plaintiff may move the case forward by pursuing other forms of

3

discovery, such as depositions of those witnesses. *Id.* Defendant must, therefore, respond to Plaintiff's interrogatory 17 now rather than at the end of fact discovery.

The Court has also reviewed Plaintiff's document requests, *see* ECF No. 28-1 at 20–25, and has concluded, with a single exception, that the documents requested are both relevant and proportional to the needs of the case. Defendant need not respond in full to Plaintiff's document request 13, which requests, "[c]opies of all press coverage, including press releases and unsolicited press coverage, [r]elating to the alleged Infringing Products." *Id.* at 22. Although requiring Defendant to produce copies of its own press releases is not overly burdensome, the Court finds that it would be unnecessarily burdensome to require Defendant to search for, identify, and produce all other forms of "press coverage," including "unsolicited press coverage." *See id.* "[T]he Court need not compel discovery when the discovering party could easily obtain the documents elsewhere without any of the difficulties that might result from compelled production." *Tapjets Inc. v. United Payment Servs.*, No. 19-cv-3740, 2020 WL 13581674, at *6 (E.D.N.Y. Sept. 17, 2020) (denying motion to compel production of court filings from prior cases, to which "[p]laintiff ha[d] equal access" through those courts' publicly-available electronic dockets).

Plaintiff previously indicated that Defendant's current counsel, who replaced a prior attorney who withdrew shortly after Defendant appeared, has informed Plaintiff's counsel that he also intends to withdraw. ECF No. 24. In response, the Court warned Defendant "that it must comply with its discovery obligations, regardless of whether its current attorney withdraws" and that "Defendant's failure to participate in discovery or to maintain representation by counsel may result in the Court ordering a default judgment against Defendant—either as a discovery sanction, pursuant to Rule 37(b)(2), or as the result of Defendant failing to 'otherwise defend'

4

against Plaintiff's claims, as required by Rule 55(a)." ECF No. 25 at 7 (citing *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129–31 (2d Cir. 2011)).  Defendant has not made any submission to the Court since this warning, thereby leaving uncertain whether Defendant or its counsel is actively monitoring the progress of this case.  The Court therefore orders Defendant to file a letter no longer than three pages on or before April 28, 2023, explaining:  (i) whether Defendant's counsel intends to withdraw from representing Defendant and, if so, whether Defendant has identified a replacement counsel, and (ii) why the Court should not deem Defendant to be in default based on Defendant's failure to file a timely answer to Plaintiff's amended complaint and Defendant's apparent failure to participate in discovery.[2]

Plaintiff shall file a letter no longer than three pages on or before May 1, 2023, identifying the amount of attorneys' fees and other expenses that Plaintiff incurred in preparing its motion to compel discovery, *see* ECF No. 28, and setting forth the legal bases for why the Court should order Defendant to pay those fees and expenses pursuant to Rule 37(a)(5), as the Court previously warned Defendant that it likely would do, *see* ECF No. 25 at 6.  Plaintiff may attach to that letter any attorney time records or other exhibits necessary to substantiate the amount of time spent on Plaintiff's motion and the reasonableness of the rates charged by Plaintiff's attorneys.

---

[2]    Although Defendant answered Plaintiff's initial complaint, *see* ECF No. 13, Defendant had a separate obligation to respond to Plaintiff's amended complaint filed on March 10, 2023, *see* ECF No. 26, within 14 days and has failed to do so, *see* Fed. R. Civ. P. 15(a)(3); *see also Bricklayers Ins. & Welfare Fund v. Vinza Concrete, Inc.*, No. 15-cv-80, 2017 WL 4326562, at *3 (E.D.N.Y. Sept. 11, 2017), *report and recommendation adopted in full*, 2017 WL 4296729, at *2 (E.D.N.Y. Sept. 26, 2017) (ordering default judgment against defendants who answered a prior complaint but failed to answer a subsequent, amended complaint).

5

**CONCLUSION**

For the reasons set forth above, the Court GRANTS Plaintiff's motion to compel Defendant to respond to Plaintiff's interrogatories and document requests, *see* ECF No. 28, except that Defendant need not respond to Plaintiff's interrogatories 14, 15, and 16, and Defendant need only respond in part to Plaintiff's document request 13.  Defendant shall commence a rolling production of documents no later than April 28, 2023, and must produce all of the requested documents by May 19, 2023, unless Defendant files a motion in advance of that deadline requesting an extension and explaining with specificity why certain documents cannot be produced within that timeframe.  Defendant shall serve its responses to Plaintiff's interrogatories no later than May 5, 2023.  Plaintiff shall file on or before May 1, 2023, the application for attorneys' fees and expenses described above.

Defendant shall file on or before April 28, 2023, the letter described above regarding Defendant's counsel's apparent intent to withdraw and whether Defendant should be deemed to have defaulted.  If Defendant fails to file the letter required by this order, the Court will consider whether to impose monetary sanctions on Defendant's counsel personally, in addition to imposing sanctions on Defendant up to and including a default judgment.

SO ORDERED.

 */s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
        April 20, 2023

6