UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FOXMIND CANADA ENTERPRISES LTD.,

                Plaintiff,

           v.

YOYO LIP GLOSS, INC.,

                Defendant.

**ORDER**
22-CV-05349 (HG)

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiff commenced this case by asserting claims against Defendant for: (i) trademark infringement in violation of 15 U.S.C. § 1114, and (ii) unfair competition in violation of both 15 U.S.C. § 1125(a) and New York common law. ECF No. 1 ¶¶ 37–63. After Defendant failed entirely to respond to Plaintiff's discovery requests, the Court entered an order compelling Defendant to provide the majority of the discovery Plaintiff sought, and further directed Plaintiff to file a motion for attorneys' fees. ECF No. 31. Plaintiff has filed that motion, and Defendant has not responded. ECF No. 32. For the reasons set forth below, the Court grants Plaintiff's motion and directs Defendant to pay Plaintiff $3,150.00 to compensate for Plaintiff's attorneys' fees. The Court further directs Plaintiff to request a certificate of default from the Clerk of Court on or before January 16, 2024.

    If a court grants a motion to compel discovery, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). "But the court must not order this payment if . . . the opposing party's nondisclosure, response, or

objection was substantially justified; or other circumstances make an award of expenses unjust." *Id.* Although Rule 37 has created these exceptions to an award of attorneys' fees, "[m]onetary sanctions are the norm, not the exception, when a party is required to engage in motion practice in order to obtain the discovery to which it is entitled." *Cardwell v. Davis Polk & Wardwell LLP*, No. 19-cv-10256, 2021 WL 2650371, at *2 (S.D.N.Y. June 28, 2021).[1]

Plaintiff is entitled to attorneys' fees. When assessing whether a party's non-production of discovery was substantially justified, "a prevailing party need not prove the subjective intent of the losing party, such as bad faith." *Scelsi v. Habberstad Motorsport Inc.*, No. 19-cv-4315, 2021 WL 2589725, at *3 (E.D.N.Y. June 24, 2021) (awarding attorneys' fees to party that made successful discovery motion); *see also Gardner-Alfred v. Fed. Reserve Bank of N.Y.*, No. 22-cv-1585, 2023 WL 2414951, at *1 (S.D.N.Y. Mar. 8, 2023) (explaining that bad faith is not required to award fees pursuant to Rule 37(a)(5)). Defendant has never provided any justification for its failure to produce documents or respond to Plaintiff's interrogatories, and its total lack of response to Plaintiff's requests suggests that no such justification exists. Nor has Defendant demonstrated that any other circumstance would render an award of attorneys' fees unjust.

"Where Rule 37 expenses are awarded they must be reasonable. A reasonable award reflects the result of the 'lodestar' analysis, *i.e.*, the product of a reasonable hourly rate (which rate reflects the hourly rate in the District for similar cases) and the reasonable number of hours spent on the tasks for which expenses are sought." *Jackson v. Nassau Cty.*, 602 F. Supp. 3d 352, 355–56 (E.D.N.Y. 2022); *see also Lilly v. City of New York*, 934 F.3d 222, 229–30 (2d Cir. 2019) (describing process for calculating attorneys' fees). The Court deems reasonable both the

---

[1] Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

six hours that Plaintiff's counsel spent on this discovery dispute and counsel's hourly rate of $525 for a partner. *See* ECF No. 32-2. The Court therefore awards Plaintiff the $3,150.00 that it requested.

Finally, Defendant's prolonged non-participation in this case merits a finding that Defendant has defaulted. When the Court previously granted a motion by Defendant's prior counsel to withdraw from representing Defendant, the Court ordered Defendant to retain a new attorney to appear in the case no later than June 30, 2023. ECF No. 34. The Court warned that if Defendant failed to do so, the Court would likely order a default judgment against Defendant. *Id.* Six months have passed since that deadline, and Defendant has neither retained a new attorney nor made a meritorious request for an extension of time. Since a corporate entity cannot represent itself *pro se*, the Court deems Defendant to be in default, pursuant to Rule 55(a), for having failed to "otherwise defend" against Plaintiff's claims. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129–31 (2d Cir. 2011) (affirming default judgments against corporate defendants that answered plaintiff's complaint but failed to maintain attorneys to continue representing them during discovery and trial). Accordingly, Plaintiff shall request a certificate of default from the Clerk of Court, pursuant to Rule 55(a), on or before January 16, 2024. If any representative of Defendant has contacted Plaintiff's counsel since the Court's prior order permitting Defendant's counsel to withdraw, then Plaintiff's counsel shall inform that person of this order as soon as reasonably possible and shall do so in writing if possible.

SO ORDERED.

/s/ Hector Gonzalez
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
       January 5, 2024