UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
FOXMIND CANADA ENTERPRISES LTD.,    :
    :
    Plaintiff,    :
    :    REPORT AND
   -against-    :    RECOMMENDATION
    :
YOYO LIP GLOSS, INC.,    :    22-CV-5349 (HG)(MMH)
    :
    Defendant.    :
------------------------------------------------------------- x

**MARCIA M. HENRY**, United States Magistrate Judge:

    Plaintiff FoxMind Canada Enterprises Ltd. ("FoxMind") sued Defendants YoYo Lip

Gloss, Inc. ("YoYo") and MGA Entertainment, Inc. ("MGA"), alleging trademark

infringement and unfair competition under the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et

seq.* (the "Lanham Act"), and common law claims of unfair competition.  (*See generally* Am.

Compl., ECF No. 26.)[1]  FoxMind later dismissed its claims against MGA.  (Mar. 22, 2023

Order.)  Before the Court is FoxMind's motion for default judgment against YoYo pursuant to

Federal Rule of Civil Procedure 55(b)(2) and Local Civil Rule 55.2.  (*See generally* Mot., ECF

No. 43.)[2]  The Honorable Hector Gonzalez referred the motion for report and recommendation.

For the reasons set forth below, the Court respectfully recommends that Plaintiff's motion

should be **granted.**

---

[1] All citations to documents filed on ECF are to the ECF document number (*i.e.*, "ECF No. __")
and pagination of "__ of __" in the ECF header unless otherwise noted.  Citations to this district's
Local Civil Rules are to the rules effective October 15, 2021, the operative rules when Plaintiffs
filed the motion.

[2] The motion includes a memorandum of law (Mem., ECF No. 43-1); Declaration of Kerry B.
Brownlee (Brownlee Decl., ECF No. 43-2) and exhibits thereto (Brownlee Decl. Exs. 1 & 2, ECF
Nos. 43-3 & 43-4); and a proposed order (Proposed Judgmt., ECF No. 43-5).

I.    **BACKGROUND**

A.    **Factual Allegations**

The following facts are drawn from the Amended Complaint and documents incorporated by reference into the Amended Complaint, which are assumed to be true for the purposes of this motion. *See Bricklayers & Allied Craftworkers Loc. 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187–90 (2d Cir. 2015).

FoxMind, a Canadian corporation, is a distributor of toys and games that promote the development of reasoning skills, spatial logic, and other skills associated with science, technology, engineering, and math (STEM) under its brands. (Am. Compl., ECF No. 26 ¶ 9.) YoYo is a Queens, New York-based corporation that also distributes toys and games in New York. (*Id.* ¶¶ 7, 25.)

One of FoxMind's most popular brands is Pop It, "a soothing tactile toy and smart bubble popping game designed to stimulate children's senses and develop logic and reasoning skills" (the "Pop It Products"). (*Id.* ¶ 10; *see also id.* Ex. A, ECF No. 26-1.) FoxMind sells Pop It Products at Amazon, Target, Barnes and Noble, and Staples at retail prices from $7.99 to $12.99. (*See* Am. Compl., ECF No. 26 ¶¶ 12–13.) FoxMind owns U.S. Trademark Registration Number 6183005 for the mark "POP IT!" for goods in Class 28 ("the Pop It Mark"), whose registration certificate was issued on October 27, 2020. (*Id.* ¶ 15; *see id.* Ex. B, ECF No. 26-2.)

FoxMind has enjoyed success from its Pop It brand, driving sales through "word-of-mouth buzz" as well as Internet and print advertising campaigns in New York and elsewhere. (*See* Am. Compl., ECF No. 26 ¶¶ 17, 19–20.) Over 2.5 billion people have viewed videos of others using Pop It Products on TikTok and other social media channels. (*Id.* ¶ 11.) Only

FoxMind and its licensees are authorized to manufacture, import, export, advertise, or sell goods using the Pop It Mark.  (*See id.* ¶ 21.)

At an unspecified time, and without authorization from FoxMind, YoYo "manufactured, imported, exported, advertised, marketed, promoted, distributed, and/or distributed" products (the "Infringing Products") that compete with Pop It Products and bear a similar mark the ("Infringing Mark") to the Pop It Mark.  (*See id.* ¶¶ 23, 25, 34; *id.* Ex. C, ECF No. 26-3.)  In addition to using the similar Infringing Mark on its own product packaging, YoYo has used the Infringing Mark in its social media campaigns.  (*See* Am. Compl., ECF No. 26 ¶¶ 26–28.)

On May 18, 2021, YoYo filed a trademark application for the Infringing Mark, which the United States Patent and Trademark Office ("USPTO") denied on June 15, 2022 in a non-final action (the "Non-Final Action Notice") due to the Infringing Mark's similarity to the Pop It Mark.  (*See id.* ¶¶ 29–30.)  While the application was pending, on April 10, 2022, FoxMind's counsel sent YoYo a cease-and-desist letter (the "April 2022 Letter"), informing YoYo of FoxMind's trademark for the Pop It Mark, enclosing a photo of one of YoYo's infringing use of the Pop It Mark, and demanding that YoYo immediately cease and desist its infringing activities.  (*See id.* ¶ 31; *see also id.* Ex. D, ECF No. 26-4.)  Despite the April 2022 Letter, YoYo continued to engagement in infringement—for example, after abandoning its trademark application in December 2022, YoYo petitioned to revive the application in February 2023. (Am. Compl., ECF No. 26 ¶ 33.)

FoxMind alleges that YoYo's actions "[have] caused, and will continue to cause, confusion, mistake, [and] economic loss" and are "causing consumers to erroneously believe

that such Infringing Products are licensed by or otherwise associated with [FoxMind]," thereby damaging [FoxMind]" and causing "irreparable harm." (*Id.* ¶¶ 38, 40.)

### B. Procedural History

FoxMind initiated this action in September 2022. (Compl., ECF No. 1.) Through counsel, YoYo answered the Complaint,[3] denying FoxMind's factual allegations and asserting the fair use affirmative defense. (*See generally* Answer, ECF No. 13.) After the parties exchanged some discovery (*see* ECF Nos. 18, 24), FoxMind amended the Complaint on March 10, 2023 to add MGA, another distributor, as a defendant. (*See generally* Am. Compl., ECF No. 26.)[4] On the same date, Plaintiff moved to compel discovery from YoYo and, nearly one month later, for attorneys' fees. (ECF Nos. 28, 32.)

Soon thereafter, YoYo's counsel moved to withdraw due to "[i]rreconcilable differences." (Mot. Withdraw, ECF No. 33 at 1.) The Court granted counsel's motion to withdraw effective May 5, 2023 and ordered YoYo to retain a new attorney by June 30, 2023. (*See* May 1, 2023 Order, ECF No. 34 at 1–2.) Pursuant to the Court's directive, outgoing counsel for YoYo affirmed that he had served a copy of the Court's Order on YoYo and provide a primary point of contact, including telephone number, email address, and mailing address, for YoYo. (*See* Zakharyayev Decl., ECF No. 35.)

After months of inactivity by the parties, the Court ordered YoYo to pay Plaintiff $3,150.00 in attorneys' fees for YoYo's failure to meaningfully participate in discovery and found that YoYo had defaulted because it did not participate in this case and failed to retain an

---

[3] The Answer to the original Complaint denied Plaintiff's factual allegations and raised fair use as the only affirmative defense. (*See generally* Answer, ECF No. 13.)

[4] FoxMind then voluntarily dismissed MGA on March 22, 2023. (Notice, ECF No. 30.)

attorney by the June 30, 2023 deadline.  (*See* Jan. 5, 2024 Order, ECF No. 37 at 1–2.)[5]  The

Clerk of Court entered default on January 19, 2024 (ECF No. 39), and FoxMind moved for

default judgment on May 28, 2024, seeking injunctive relief and damages (ECF No. 43).  Judge

Gonzalez referred the motion for report and recommendation.  (May 29, 2024 Order.)

To date, YoYo has failed to answer or otherwise respond to the Amended Complaint,

and no attorney or other individual associated with YoYo has attempted to engage in this

litigation since May 9, 2023.

## II.    STANDARD FOR DEFAULT JUDGMENT

Rule 55 of the Federal Rules of Civil Procedure dictates a two-step process for a party

to obtain a default judgment. Fed. R. Civ. P. 55(a)–(b); *New York v. Green*, 420 F.3d 99, 104

(2d Cir. 2005); *Nam v. Ichiba Inc.*, No. 19-CV-1222 (KAM), 2021 WL 878743, at *2

(E.D.N.Y. Mar. 9, 2021).  First, when the plaintiff shows, such as by affidavit, that a defendant

has "failed to plead or otherwise" defend against an action, the Clerk of Court shall enter a

default.  Fed. R. Civ. P. 55(a).  Second, and "[i]n all other cases, the party must apply to the

court for a default judgment."  Fed. R. Civ. P. 55(b)(2); *Victoriano Gonzalez v. Victoria G's

Pizzeria LLC*, No. 19-CV-6996 (DLI)(RER), 2021 WL 6065744, at *5 (E.D.N.Y. Dec. 22,

2021).  To "enter or effectuate judgment" the Court is empowered to "(A) conduct an

accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by

evidence; or (D) investigate any other matter."  Fed. R. Civ. P. 55(b)(2).

---

[5] To date, Plaintiff has been unable to collect the Court's $3,150.00 sanction.  (*See* Brownlee Decl., ECF No. 43-2 ¶ 25.)

The decision to grant or deny a default motion is "left to the sound discretion of a district court." *Shah v. New York State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999) (cleaned up). The Court must draw all reasonable inferences in favor of the movant. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). However, "[a] default . . . only establishes a defendant's liability if those allegations are sufficient to state a cause of action against the defendant." *Double Green Produce, Inc. v. F. Supermarket Inc.*, 387 F. Supp. 3d 260, 265 (E.D.N.Y. 2019) (quoting *Taizhou Zhongneng Imp. & Exp. Co., Ltd. v. Koutsobinas*, 509 F. App'x 54, 56 (2d Cir. 2013)).

## III.    JURISDICTION AND VENUE

### A.    Subject Matter Jurisdiction

The Court has original jurisdiction over Plaintiff's claimed violations of the Lanham Act. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *id.* § 1338(a) ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks.") The Court may also exercise supplemental jurisdiction over FoxMind's common law unfair competition claim because it arise outs of the same facts and circumstances as the Lanham Act claims. *See* 28 U.S.C. § 1367(a).

### B.    Personal Jurisdiction

"[B]efore a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant." *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010). The three requirements for personal jurisdiction are: (1) the plaintiff's service of process upon the defendant must have been procedurally proper;

(2) there must be a statutory basis for personal jurisdiction that renders such service of process effective; and (3) the exercise of personal jurisdiction must comport with constitutional due process principles. *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59–60 (2d Cir. 2012) (subsequent history omitted).

The Court has personal jurisdiction over YoYo. *First,* FoxMind properly served YoYo by delivering copies of the Summons and Complaint to the New York Secretary of State. (*See* ECF No. 12.) This method of service on a corporation complies with federal and state procedural rules. Fed. R. Civ. P. 4(h)(1)(A), (e)(1); N.Y. C.P.L.R. § 311(a)(1); N.Y. Bus. Corp. Law § 306(b)(1). The subsequent Amended Complaint was properly served on YoYo's then-counsel through ECF. *See* Fed. R. Civ. P. 5(b)(2)(E). *Second*, YoYo "'answered the complaint, participated in discovery (for a time), and never moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(2), thereby waiving any argument regarding the Court's personal jurisdiction[.]'" *Esquivel v. Lima Rest. Corp.*, No. 20-CV-2914 (ENV)(MMH), 2023 WL 6338666, at *3 (E.D.N.Y. Sept. 29, 2023) (quoting *Perez v. 50 Food Corp.*, No. 17-CV-7837, 2019 WL 7403983, at *4 (S.D.N.Y. Dec. 4, 2019), *adopted by* 2020 WL 30344 (S.D.N.Y. Jan. 2, 2020)), *adopted by* Order Adopting R. & R., *Esquivel v. Lima Rest. Corp.*, No. 20-CV-2914 (ENV)(MMH) (E.D.N.Y. Nov. 30, 2023). Accordingly, the Court has personal jurisdiction over YoYo.

## C.    Venue

"[A] civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). A corporation is deemed to be a resident of "any district" in "a state which has more than one judicial district and in which . . . [that] corporation is subject to personal

jurisdiction at the time an action is commenced." *Id.* § 1391(d).  Based on the allegations in the Complaint, YoYo is a New York corporation with its principal place of business in Astoria, New York.  (Am. Compl., ECF No. 26 ¶ 7.)  Therefore, venue is proper in this district.  *See* 28 U.S.C. § 1391(d).

## IV.   DEFAULT JUDGMENT FACTORS

Courts use the same three-factor test used to set aside a default judgment to determine whether to grant a default judgment.  *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *Avail 1 LLC v. Latief*, No. 17-CV-5841 (FB)(VMS), 2020 WL 5633869, at *4 (E.D.N.Y. Aug. 14, 2020).  Specifically, courts examine "(1) whether the defendant's default was willful; (2) whether the defendant has a meritorious defense to the plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment."  *Courchevel 1850 LLC v. Rodriguez*, No. 17-CV-6311 (MKB), 2019 WL 2233828, at *3 (E.D.N.Y. May 22, 2019) (citing *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 170–71 (2d Cir. 2001)); *see also Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013).

As for the first factor of willfulness, "even if a defendant files an answer, a defendant's continued failure to respond to court orders to obtain new counsel evinces willful default." *Brito v. Marina's Bakery Corp.*, No. 19-CV-828 (KAM)(MMH), 2022 WL 875099, at *5 (E.D.N.Y. Mar. 24, 2022) (collecting cases).  Before the Court relieved counsel in May 2023, the Court twice warned YoYo that failure to participate in discovery or to retain counsel could result in the Court ordering a default judgment against it, either as a discovery sanction pursuant to Rule 37(b)(2), or as the result of Defendant failing to "otherwise defend" against Plaintiff's claims, as required by Rule 55(a).  (Mar. 2, 2023 Order, ECF No. 25 at 7; Apr. 20,

2023 Order, ECF No. 31 at 4–5.)  YoYo ignored the Court's orders to obtain counsel and to communicate with FoxMind's counsel to complete discovery.  "'This repeated conduct shows a willful and deliberate disregard for this Court's orders, which militates in favor of a default judgment.'"  *Esquivel*, 2023 WL 6338666, at *4 (quoting *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 123–24 (E.D.N.Y. 2011) (collecting cases)).

Second, "a defense may be meritorious if it is more than a conclusory denial and if it is articulated with a degree of specificity which directly relates that defense to the allegations set forth in the plaintiff's pleadings and raises a serious question as to the validity of those allegations." *Brito*, 2022 WL 875099, at *5 (cleaned up).  "However, a defendant must 'present evidence of facts that if proven at trial, would constitute a complete defense.'" *Rodriguez*, 784 F. Supp. 2d at 124 (quoting *SEC v. McNulty*, 137 F.3d 732, 740 (2d Cir. 1998)). YoYo's answer to the Complaint included the sole affirmative defense of fair use, in which YoYo claimed to use the Infringing Mark "to describe the goods being sold under that mark, not for any secondary meaning," and that FoxMind's products "are being sold under a mark that is not a designation of origin of the goods."  (Answer, ECF No. 13 ¶¶ 65–66.)  But despite these allegations, YoYo participated minimally in discovery and eventually failed to respond to FoxMind's Amended Complaint to reassert this defense or to adduce any facts in discovery to prove these allegations.  Because YoYo abandoned the litigation and the opportunity to adduce evidence, the Court cannot determine on the sparse record whether YoYo has meritorious defenses to FoxMind's allegations.  Thus, this factor also supports a finding of default against YoYo.

Third, Plaintiff will be prejudiced if the motion for default judgment is denied because it has no "alternative legal redress." *United States v. Myers*, 236 F. Supp. 3d 702, 708–09

(E.D.N.Y. 2017).  In other words, because YoYo abandoned the case, "[w]ithout the entry of a default judgment, Plaintiff [] would be unable to recover for the claims adequately set forth in the [Amended] Complaint."  *Korzeniewski v. Sapa Pho Vietnamese Rest. Inc.*, No. 17-CV-5721 (MKB)(SJB), 2019 WL 312149, at *4 (E.D.N.Y. Jan. 3, 2019) (first alteration in original) (quoting *Sola Franchise Corp. v. Solo Salon Studios Inc.*, No. 14-CV-946 (JS)(AKT), 2015 WL 1299259, at *15 (E.D.N.Y. Mar. 23, 2015)).  Based on the foregoing, entry of default judgment is permissible.  The Court now turns to the issue of liability.

## V.    <u>LIABILITY</u>

In the Amended Complaint, Plaintiff allege three causes of action: trademark infringement under the Lanham Act (Count I); unfair competition under the Lanham Act (Count II); and unfair competition under New York common law (Count III).  (*See generally* Am. Compl., ECF No. 26 ¶¶ 41–67.)

### A.    **Trademark Infringement (Count I)**

Section 32 of the Lanham Act trademark provision states, in relevant part:

> Any person who [] without the consent of the registrant . . . use[s] in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion . . . shall be liable in a civil action by the registrant[.]

15 U.S.C. § 1114(1)(a).  To prevail on a trademark infringement claim under the Lanham Act, a plaintiff must prove that (1) it owns a valid, protectable trademark and (2) the defendant's use of the trademark creates a likelihood of consumer confusion.  *See Tiffany & Co. v. Costco Wholesale Corp.*, 971 F.3d 74, 84 (2d Cir. 2020) (quoting *The Sports Auth., Inc. v. Prime Hosp. Corp.*, 89 F.3d 955, 960 (2d Cir. 1996)).  The Lanham Act is a strict liability statute and, as

such, does not require proof of intent or knowledge to show liability.  *Innovation Ventures, LLC v. Ultimate One Distrib. Corp.*, 176 F. Supp. 3d 137, 153 (E.D.N.Y. 2016).

### 1.    Ownership of a Valid, Protectable Trademark

A certificate of registration of a mark upon the USPTO is *prima facie* evidence of the validity of the registered mark, the registration of the mark, the owner's ownership of the mark, and the owner's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the certificate, subject to any limits stated in the certificate.  15 U.S.C. § 1057(b); *see Khan v. Addy's BBQ LLC*, 419 F. Supp. 3d 538, 552 (E.D.N.Y. 2019).  Here, FoxMind alleges it has a registered trademark under United States Trademark Registration Number 6183005 for the Pop It Mark.  (Am. Compl., ECF No. 26 ¶ 15.)  FoxMind also submits a copy of the registration certificate for the Pop It Mark issued by the USPTO on October 27, 2020.  (Am. Compl. Ex. B, ECF No. 26-2.)  Thus, FoxMind has sufficiently established the first element.

### 2.    Likelihood of Consumer Confusion

When determining whether a defendant's use of a mark is likely to cause confusion, courts consider the following factors:

> (1) the strength of the trademark; (2) the degree of similarity between the plaintiff's mark and the defendant's allegedly imitative use; (3) the proximity of the products and their competitiveness with each other; (4) the likelihood that the plaintiff will "bridge the gap" by developing a product for sale in the defendant's market; (5) evidence of actual consumer confusion; (6) evidence that the defendant adopted the imitative term in bad faith; (7) the respective quality of the products; and (8) the sophistication of the relevant population of consumers.

*Tiffany & Co.*, 971 F.3d at 84–85 (citing *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492, 495 (2d Cir. 1961)).  "The application of the *Polaroid* test is not mechanical, but rather,

focuses on the ultimate question of whether, looking at the products in their totality, consumers are likely to be confused." *Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 588 F.3d 97, 115 (2d Cir. 2009) (cleaned up).

FoxMind has sufficiently shown likelihood of consumer confusion. First, the strength of the Pop It Mark weighs in favor of FoxMind. The Pop It Mark is presumed to be distinctive by virtue of being registered, which, coupled with its alleged consistency and longevity, support the strength of the mark. *See Campbell v. Huertas*, No. 20-CV-3471 (KAM), 2023 WL 1967512, at *4–5 (E.D.N.Y. Feb. 13, 2023). Moreover, FoxMind alleges that in addition to the "word of mouth buzz" that drives Pop It Products' sales, it has engaged in marketing and promotional efforts, including print advertisements, social media campaigns, and other Internet-based marketing domestically and abroad. (*See* Am. Compl., ECF No. 26 ¶¶ 17, 19.) Thus the first factor, the strength of the Pop It Mark, weighs in FoxMind's favor.

The second factor, the similarity between the Pop It Mark and the Infringing Mark and YoYo's imitative use, also weighs in FoxMind's favor. "When the secondary user's mark is not identical but merely similar to the plaintiff's mark, it is important to assess the degree of similarity between them in assessing the likelihood that consumers will be confused." *Virgin Enters. Ltd. v. Nawab*, 335 F.3d 141, 149 (2d Cir. 2003). Upon review of the respective marks, the Pop It Mark and the Infringing Mark share may features, including the use of the phrase "Pop It" using similar white letters placed against a bright and colorful background, as shown below:

| Pop It Product | Infringing Product |
| --- | --- |
|  | |

(Am. Compl., ECF No. 26 ¶ 26; *see also id.* Ex. C, ECF No. 26-3 at 2–9 (containing photographs of other Infringing Products with the Infringing Mark.).)   And although the Infringing Mark contains the additional word "POP'N" and lacks an exclamation point, the Court views the operative word in the Pop It Mark as "POP"—not a generic explanation point—and finds that the Infringing Mark merely repeats this onomatopoeic operative word with slight variation in reference to a substantially identical tactile toy.  *See Guru Teg Holding, Inc. v. Maharaja Farmers Mkt., Inc.*, 581 F. Supp. 3d 460, 473 (E.D.N.Y. 2021) (finding that a mark featuring the word "maharaja" was not made meaningfully dissimilar by a secondary user's addition of the words "farmers market").   Therefore, "while [YoYo's] default has prevented Plaintiff from receiving evidence in discovery, the fact that [YoYo's] products are very similar to Plaintiff's relevant products easily supports the inference that consumer confusion will result."  *Lighting & Supplies, Inc. v. New Sunshine Energy Sols. Inc.*, No. 20-

CV-2790 (FB)(VMS), 2022 WL 771397, at *5 (E.D.N.Y. Feb. 10, 2022), *adopted by* 2022 WL 768302 (E.D.N.Y. Mar. 14, 2022).

The third factor, the competitive proximity of the parties' products, weighs heavily in favor of FoxMind. "The proximity factor can apply to both the subject matter of the commerce in which the two parties engage and the geographic areas in which they operate." *Guthrie Healthcare Sys. v. ContextMedia, Inc.*, 826 F.3d 27, 39 (2d Cir. 2016). In this case, both FoxMind and YoYo sell similar low-cost children's tactile toys and smart bubble popping games in New York and elsewhere. (*See* Am. Compl., ECF No. 26 ¶¶ 13, 17, 25; *compare id.* ¶ 26 (depicting a Pop It Product) *with id.* Ex. C, ECF No. 26-3 (depicting various Infringing Products, all of which are similar bubble-popping tactile toys).

The fourth factor, the likelihood that FoxMind will bridge the gap and offer a product like YoYo's product, is neutral in this case. This factor is most relevant when the alleged infringer presents credible evidence that there is little or no likelihood of consumer confusion because the trademark owner operates in a different field of enterprise or a different geographic area. *See Deep Foods Inc. v. Deep Foods Inc.*, 419 F. Supp. 3d 569, 581 (W.D.N.Y. 2019). As noted above, "because Defendant is already using its marks in both the subject matter area and the geographic area of Plaintiff's commerce, there is no gap. Defendant's use of its marks already causes an actionable likelihood of confusion," and is therefore irrelevant to whether Plaintiff has proven YoYo's liability. *Guthrie*, 826 F.3d at 45.

Fifth, "[a]ctual confusion need not be shown to prevail under the Lanham Act, because actual confusion is very difficult to prove, and the Act requires only a *likelihood* of confusion as to source." *Campbell*, 2023 WL 1967512, at *6. As discussed in the analysis of the third

and fourth factors, consumers would likely be actually confused as to the source of the Infringing Products.[6]  This factor thus weighs in favor of FoxMind.

Sixth, a defaulting defendant demonstrates bad faith when it "continu[es] to engage in infringing conduct after receiving a demand to stop engaging in such conduct." *Lighting & Supplies*, 2022 WL 771397, at *5.  FoxMind alleges that YoYo continued to sell products with the Infringing Mark even after receiving the Non-Final Action Notice from the USPTO and the April 2022 Letter.  (*See* Mem., ECF No. 43-1 at 15–16; Am. Compl., ECF No. 26 ¶¶ 31–32.)  Accordingly, this factor weighs heavily in favor of FoxMind.

The remaining factors overall support FoxMind's position, though not as clearly as the first, second, third, fifth, and sixth factors.  The quality of the product, the seventh factor, is neutral because FoxMind does not provide, beyond conclusory statements, evidence that YoYo's products are of lower quality than Plaintiff's.  (*See* Mem., ECF No. 43-1 at 16.)  That said, FoxMind fares better with the eighth and last factor, the sophistication of the consumers. "Generally, the more sophisticated and careful the average consumer of a product is, the less likely it is that similarities in . . . trade marks will result in confusion concerning the source or sponsorship of the product." *Bristol–Myers Squibb Co. v. McNeil–P.P.C., Inc.*, 973 F.2d 1033, 1046 (2d Cir. 1992).  Because the Pop It Products and the Infringing Products are low-cost goods marketed to children, consumers are less likely to be discerning when choosing between them. *See Gross v. Bare Escentuals Beauty, Inc.*, 641 F. Supp. 2d 175, 192 (S.D.N.Y. 2008).

---

[6] Plaintiff submitted a screenshot of a user commenting "we love pop its!" on a post advertising an Infringing Product on YoYo's Instagram account.  (*See* Am. Compl., ECF No. 26 ¶ 28.) However, such *de minimis* anecdotal evidence is insufficient to prove actual consumer confusion. *See Disney Enters., Inc. v. Sarelli*, 322 F. Supp. 3d 413, 436 (S.D.N.Y. 2018).

Because purchasing a simple child's toy for a few dollars does not require a heightened degree of sophistication, this factor weighs in favor of FoxMind.

Given the totality of the factors and the likelihood of consumer confusion, the Court finds that FoxMind has shown trademark infringement under the Lanham Act.

### B.    Unfair Competition (Counts II & III)

FoxMind alleges that YoYo is liable for unfair competition, both under the Lanham Act and under New York common law.  (Am. Compl., ECF No. 26 ¶¶ 52–67.)

Section 43(a) of the Lanham Act provides that a person who "uses in commerce any word, term, name, symbol, or device . . . which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person" shall be liable.   15 U.S.C. § 1125(a)(1)(A).   Under the Lanham Act, the unfair competition test "utilizes the same principles and standards as are used for trademark infringement claims."  *Spin Master Ltd. v. Alan Yuan's Store*, 325 F. Supp. 3d 413, 423 (S.D.N.Y. 2018) (citing § 1125(a)).  "To establish a claim for common law unfair competition, a plaintiff must state a Lanham Act claim coupled with a showing of a defendant's bad faith or intent."  *Id.* at 424 (citing *Genesee Brewing Co. v. Stroh Brewing Co.*, 124 F.3d 137, 149 (2d Cir. 1997)); *see also Moshik Nadav Typography LLC v. Banana Republic, LLC*, No. 20-CV-8325 (JMF), 2021 WL 2403724, at *3 (S.D.N.Y. June 10, 2021) ("The essence of an unfair competition claim under New York law is that the defendant has misappropriated the labors and expenditures of another with some element of bad faith.").

Here, FoxMind has met the standard for a Lanham Act unfair competition claim for the same reasons it satisfied the standard for trademark infringement.  *Spin Master v. Alan Yuan's Store*, 325 F. Supp. 3d at 424.  Additionally, FoxMind has satisfied the New York law unfair

16

competition standard because YoYo's use of the Infringing Mark includes a presumption of bad faith and YoYo's default supports this inference of bad faith. *See Sola Franchise Corp.*, 2015 WL 1299259, at *11. Accordingly, the Court respectfully recommends that YoYo should be found liable for unfair competition under the Lanham Act and New York common law as claimed in Counts II and III.

## VI.  DAMAGES

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Bricklayers*, 779 F.3d at 189 (cleaned up). Rather, a plaintiff must prove damages with reasonable certainty. *Balhetchet v. Su Caso Mktg., Inc.*, No. 19-CV-4475 (PKS)(SJB), 2020 WL 4738242, at *3 (E.D.N.Y. Aug. 14, 2020). Here, FoxMind requests a total of $1,086,829.36 in damages, including $1,083,679.36 in actual damages and the $3,150 in attorneys' fees previously awarded by the Court.[7]  (*See* Mem., ECF No. 43-1 at 6–7; Brownlee Decl., ECF No. 43-2 ¶¶ 23, 34; Proposed Judgmt., ECF No. 43-5 at 2.)

### A.    Actual Damages

FoxMind seeks YoYo's profits from its sales of the Infringing Products from the third quarter of 2021 through the third quarter of 2022. (Mem., ECF No. 43-1 at 25–25; Brownlee Decl., ECF No. 43-2 ¶ 34.)

A plaintiff who has successfully established a trademark violation "shall be entitled . . . to recover . . . defendant's profits . . . and the costs of this action."  15 U.S.C.

---

[7] Because Plaintiff does not request prejudgment interest, costs, or additional attorneys' fees in the default judgment motion papers, as it did in the Amended Complaint, the Court does not consider them here. (*Compare* Am. Compl., ECF No. 26 at 19 *with* Mem., ECF No. 43-1 at 24–25.)

§ 1117(a).  In assessing a defendant's profits "the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed."  *Id.*  "To obtain profits as measured by the actual sales of the infringer, [a plaintiff] must submit evidence about the actual sales of [the infringing defendant]."  *7-Eleven, Inc. v. Z-Eleven Convenience Store Inc.*, No. 16-CV-4116 (RRM)(SJB), 2018 WL 1521859, at *4 (E.D.N.Y. Jan. 17, 2018), *adopted by* 2018 WL 1466799 (E.D.N.Y. Mar. 26, 2018).  "To ascertain whether 'on the whole, the equities weigh in favor of an accounting' of the defendant's profits, courts consider '(1) the degree of certainty that the defendant benefited from the unlawful conduct; (2) availability and adequacy of other remedies; (3) the role of a particular defendant in effectuating the infringement; (4) [the] plaintiff's laches; and (5) [the] plaintiff's unclean hands.'"  *Aime Leon Dore, Inc. v. TASTR. GmbH*, No. 20-CV-934 (MKB), 2021 WL 6797294, at *13 (E.D.N.Y. Jan. 8, 2021) (quoting *George Basch Co. v. Blue Coral, Inc.*, 968 F.2d 1532, 1540 (2d Cir. 1992), *abrogated on other grounds by Romag Fasteners, Inc. v. Fossil, Inc.*, 590 U.S. 212 (2020).

Here, FoxMind seeks YoYo's profits from its net sales of some Infringing Products between the third quarter of 2021 through the third quarter of 2022.  (*See* Mem., ECF No. 43-1 at 22–26; Brownlee Decl., ECF No. 43-2 ¶ 34.)  FoxMind supports this request with royalty reports obtained from non-party MGA during discovery.  (*See* Brownlee Decl., ECF No. 43-2 ¶¶ 31, 34.)[8]  Specifically, MGA and non-party RosePaige Distribution Corporation ("RosePaige") entered into a licensing agreement whereby MGA granted RosePaige the right

---

[8] The Court reviewed the MGA documents at ECF No. 46-1 (filed under seal) (*see* Mar. 4, 2025 Order) and finds that the Brownlee Declaration accurately summarizes the relevant information.

to use MGA's mark "L.O.L. SURPRISE!" in connection with certain products distributed by RosePaige, including toys and other products with the Infringing Mark in exchange for a royalty.  (*See id.* ¶ 32.)  RosePaige also entered into a manufacturing and distribution agreement with YoYo whereby: (1) YoYo agreed to manufacture and distribute products pursuant to RosePaige's licenses with third parties, including MGA and seven other licensees, and (2) YoYo agreed to pay RosePaige a royalty of 20% of sales (based on the actual invoiced price).  (*Id.* ¶ 33.)  FoxMind relies on MGA's royalty reports to determine the total retail sales of the Infringing Products that YoYo manufactured and sold pursuant to RosePaige's licensing agreement with MGA:

| Quarter | No. Units Sold | Retail Price | Net Sales |
|---|---|---|---|
| Q3 2021 | 75,839 | $3.95 | $299,565.63 |
| Q4 2021 | 76,763 | $3.95 | $303,213.39 |
| Q1 2022 | 99,941 | $3.95 | $394,767.84 |
| Q2 2022 | 10,174 | $6.50 | $66,132.50 |
| Q3 2022 | 3,077 | $6.50 | $20,000.00 |
| | | | **Total**: $1,083,679.36 |

(*See id.* ¶ 34.)[9]

The Court finds that FoxMind is entitled to an award of profits "as the Complaint establishes to a high degree of certainty that [YoYo] benefitted from infringing on [the Pop It

---

[9] FoxMind has offered photographs of YoYo Products bearing the Infringing Mark but not any of the seven other marks covered by the RosePaige licensing agreement, suggesting that not all YoYo Products bearing the Infringing Mark were distributed pursuant to that agreement.  (*See* Brownlee Decl., ECF No. 43-2 ¶¶ 33, 38.)

Mark] and the record does not suggest impropriety on [FoxMind's] part." *Aime Leon Dore*, 2021 WL 6797294, at *13.  The Court also declines to estimate any costs or deductions from FoxMind's proffered sales data, as that is YoYo's burden in defending against FoxMind's damages claim. *See* 15 U.S.C. § 1117(a).  Furthermore, the record reflects that YoYo also sold its own Infringing Products that were not co-branded, suggesting that its sales or profits are even higher than the data stated in the MGA royalty reports.  (Brownlee Decl., ECF No. 43-2 ¶ 38; *see* Mem., ECF No. 43-1 at 24.)  In other words, "[YoYo's] default has deprived plaintiff of any opportunity to fully ascertain the extent of the profits that defendant realized[.]" *J.T. Kalmar GmbH v. KLS Lighting Co.*, No. 17-CV-7505 (BMC), 2019 WL 3780091, at *3 (E.D.N.Y. Aug. 12, 2019).  As such, FoxMind's proffered evidence is sufficient to establish their entitlement to YoYo's profits. *Id.*; *see also Experience Hendrix, L.L.C. v. Pitsicalis*, No. 17-CIV-1927 (PAE)(GWG), 2020 WL 3564485, at *7 (S.D.N.Y. July 1, 2020) ("some reasonable basis for computation [of infringer's sales] has to be used, even though the calculation may only be approximate"), *adopted sub nom. by Experience Hendrix, LLC v. Hendrix*, No. 17-CIV-1927 (PAE)(GWG), 2020 WL 4261818 (S.D.N.Y. July 24, 2020); *see also 7-Eleven*, 2018 WL 1521859 ("Estimates may be relied upon in calculating lost profits under the Lanham Act, but 'the extent of the damages' should be a matter of 'just and reasonable inference, although the result be only approximate.'") (quoting *Ortho Sleep Prods. LLC v. Dreamy Mattress Corp.*, No. 11-CV-6049 (CBA), 2012 WL 6621288, at *9 (E.D.N.Y. Aug. 29, 2012)).

Accordingly, the Court respectfully recommends that FoxMind should be awarded $1,083,679.36 in actual damages for trademark infringement.

## B.     Permanent Injunction

"'A court may issue an injunction on a motion for a default judgment provided that the moving party shows that (1) it is entitled to injunctive relief under the applicable statute and (2) it meets the prerequisites for the issuance of an injunction.'" *Grp. One Ltd. v. GTE GmbH*, 625 F. Supp. 3d 28, 70 (E.D.N.Y. 2022) (quoting *Kaneka Corp. v. Purestar Chem. Enter. Co.*, No. 16-CV-4861 (MKB)(SIL), 2018 WL 3215680, at *4 (E.D.N.Y. May 1, 2018)).  Under the Lanham Act, a district court has authority to grant injunctive relief to prevent further violations of a plaintiff's trademark.  15 U.S.C. § 1116(a); *Kelly Toys Holdings, LLC v. alialialiLL Store*, 606 F. Supp. 3d 32, 51 (S.D.N.Y. 2022).  FoxMind has already established liability under the Lanham Act for YoYo's infringement of the Pop It Mark.  (*See* § V.A, *supra*.)  Thus, "[t]he Court may enter a permanent injunction to prevent further violations of trademark infringement and counterfeiting if plaintiff has demonstrated:

> "(1) that it suffered an irreparable injury; (2) that remedies available at law are inadequate to compensate for that injury; (3) that the balance of hardships between the parties warrants a remedy in equity for the plaintiff; and (4) that the public interest would not be disserved."

*Spin Master Ltd. v. 158*, 463 F. Supp. 3d 348, 376 (S.D.N.Y. 2020) (quoting *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)).

All four factors weigh in favor of FoxMind.  First, "[u]nder the remedial provisions of the Lanham Act, a plaintiff [like FoxMind] who has established infringement is entitled to a rebuttable presumption of irreparable harm."  *Kelly Toys*, 606 F. Supp. 3d at 52; 15 U.S.C. § 1116(a).  In this case, Plaintiff alleges not only economic loss, but also "loss and damage to its business and its valuable rights in and to the Pop It Mark and the goodwill associated therewith[.]"  (Am. Compl., ECF No. 26 ¶ 50.)  Second, "a 'plaintiff has no adequate remedy

at law where, absent an injunction, the defendant is likely to continue' its infringement." *Karmagreen, LLC v. Super Chill CBD Prods.*, No. 23-CV-6073 (LJL), 2024 WL 1348783, at *8 (S.D.N.Y. Mar. 29, 2024) (quoting *Pearson Educ., Inc. v. Vergara*, No. 09-CV-6832 (JGK)(KNF), 2010 WL 3744033, at *4 (S.D.N.Y. Sept. 27, 2010)).  Here, YoYo's willful infringement before and after the April 2022 Letter, failure to answer the Amended Complaint, and refusal to otherwise engage in this litigation for nearly two years suggests that YoYo might continue to infringe on the Pop It Mark unless enjoined. *See JUUL Labs, Inc. v. Greenpoint Vape & Tobacco Shop Inc.*, No. 21-CV-5779 (ENV)(RML), 2022 WL 17780645, at *9 (E.D.N.Y. Aug. 19, 2022), *adopted by* 2023 WL 5424464 (E.D.N.Y. Aug. 23, 2023).  *Third*, the balance of hardships leans towards FoxMind, who would lose sales and profits if YoYo continues to infringe on the Pop It Mark.  *See Kelly Toys*, 606 F. Supp. 3d at 53; *see also Karmagreen*, 2024 WL 1348783, at *8 ("'It is axiomatic that an infringer . . . cannot complain about the loss of ability to offer its infringing product.'" (quoting *WPIX, I8nc. v. ivi, Inc.*, 691 F.3d 275, 287 (2d Cir. 2012)).  Finally, "the public interest is served by a permanent injunction, as the public has an interest in not being deceived—in being assured that the mark it associates with a product is not attached to goods of unknown origin and quality." *Kelly Toys*, 606 F. Supp. 3d at 53 (cleaned up).  Accordingly, Fox Mind is entitled to an injunction, and the Court respectfully recommends entry of permanent injunction enjoining YoYo from continuing to infringe on the Pop It Mark as set forth in the proposed default judgment order.[10]

---

[10] The Court respectfully recommends that the permanent injunction provision of FoxMind's proposed judgment (Proposed Judgmt., ECF No. 43-5 § III ¶ 1) should be modified from "acting in concert with or under the direction of" to "who are in active concert or participation with," per Fed. R. Civ. P. 65(d).  *See Karmagreen*, 2024 WL 1348783, at *8 n.3.

### C.    Attorney's Fees

"In trademark infringement cases, a court 'may award reasonable attorney fees to the prevailing party' in 'exceptional cases.'" *Aime Leon Dore*, 2021 WL 6797294, at *15 (quoting 15 U.S.C. § 1117(a)).  Here, however, FoxMind is not requesting attorneys' fees beyond what the Court has already awarded as a discovery sanction against YoYo.  (*See* Mem., ECF No. 43-1 at 6–7, 25; Jan. 5, 2024 Order, ECF No. 37 at 2–3 (awarding $3,150.00 pursuant to Fed. R. Civ. P. 37(a)(5)).)  Because FoxMind requests only this amount and because it has not collected it so far, the Court respectfully recommends that the Court reaffirm this award here.

### D.    Post-Judgment Interest

Finally, FoxMind seeks post-judgment interest.  (*See* Mem., ECF No. 43-1 at 25.)  Post-judgment interest is awarded on any money judgment in a civil case.  28 U.S.C. § 1961.  "Post-judgment interest is measured 'from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield . . . for the calendar week preceding the date of the judgment,' 'computed daily to the date of payment,' and 'compounded annually.'"  *Spin Master v. Alan Yuan's Store*, 325 F. Supp. 3d at 426 (quoting 28 U.S.C. § 1961(a)–(b)).  Accordingly, the Court respectfully recommends awarding FoxMind post-judgment interest in an amount to be determined using the statutory formula.

## VII.   <u>CONCLUSION</u>

In sum, Plaintiff has established liability as to its trademark infringement and unfair competition claims.  Accordingly, the Court respectfully recommends that Plaintiff's motion should be **granted** as follows: (1) default judgment should be entered against Defendant YoYo Lip Gloss, Inc.; (2) a permanent injunction should be entered enjoining Defendant from continuing to infringe on the Pop It Mark; and (3) Plaintiff should be awarded: (a) actual

damages in the amount of $1,083,679.36; and (b) post-judgment interest at the rate set forth in 28 U.S.C. § 1961.  Additionally, Plaintiff should be awarded the $3,150 in attorneys' fees previously awarded by the Court that Plaintiff has not already collected.

A copy of this Report and Recommendation is being served on Plaintiff via ECF.  The Clerk of Court is respectfully directed to send a copy of this Report and Recommendation to Defendant at angie@yoyoworld.us, and 2438 47th Street, Astoria, NY 11103.

Within 14 days of service, any party may serve and file specific written objections to this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  Any requests for an extension of time to file objections shall be directed to Judge Gonzalez.  If a party fails to object timely to this Report and Recommendation, it waives any right to further judicial review of this decision.  *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).

**SO ORDERED.**

Brooklyn, New York
March 15, 2025

/s/Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge

24